UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KRISTA CRUMBLING, on behalf of herself and all others similarly situated, | ) ) ) | C/A:  2:15-cv-4902-PMD |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **FLSA COLLECTIVE ACTION** **AND** |
| **MIYABI** MURRELLS INLET, LLC; UNITED WILL KYOTO USA, INC.; MIYABI GREENVILLE, INC.; FAYETTEVILLE MIYABI, INC.; AUGUSTA MIYABI, INC.; SAVANNAH MIYABI, INC.; CAPITAL JAPAN, INC. d/b/a MIYABI; KOICHIRO HIRAO, individually; KOICHIRO MAEDA, individually; and JOHN DOE 1-10, individually, | ) ) ) ) ) ) ) ) ) ) ) | **RULE 23 CLASS ACTION** **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

Plaintiff, Krista Crumbling ("Crumbling"), on behalf of herself and all others similarly situated, (all jointly "Plaintiffs"), complaining of the acts of Defendants **Miyabi** Murrells Inlet, LLC ("MMI"); United Will Kyoto USA, Inc. ("Kyoto"); Miyabi Greenville, Inc. ("MG"); Fayetteville Miyabi, Inc. ("FM"); Augusta Miyabi, Inc. ("AM"); Savannah Miyabi, Inc. ("SM"); Capital Japan, Inc. d/b/a Miyabi ("CJM"); Koichiro Hirao ("Hirao"), individually; Koichiro Maeda ("Maeda"), individually; and John Doe 1-10, individually ("Doe") (MMI; Kyoto; MG; FM; AM; SM; CJM; Hirao; Maeda; and Doe collectively "Defendants") alleges as follows:

**NATURE OF CLAIM**

1.      This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2.     This action is also brought individually and as a class action for unauthorized deductions from wages, and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure for individuals employed in South Carolina.

## PARTIES, JURISDICTION, and VENUE

3.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 2 as if repeated here verbatim.

4.     Crumbling is a citizen and resident of the State of South Carolina, County of Horry.

5.     Crumbling was employed at MMI, doing business as, **Miyabi**, in the County of Georgetown, State of South Carolina. A substantial part of the events giving rise to these claims occurred in Georgetown County.

6.     MMI is a South Carolina limited liability company maintaining offices and agents in the county of Georgetown, state of South Carolina. MMI is an employer of individuals and operates at least one (1) restaurant, and on information and belief several others, all doing business as **Miyabi**.

7.     Kyoto is a South Carolina corporation maintaining offices and agents in the county of Georgetown, state of South Carolina. Kyoto is an employer of individuals and operates at least one (1) restaurant, and on information and belief several others, all doing business as **Miyabi**.

8.      MG is a South Carolina corporation maintaining offices and agents in the county of Greenville, state of South Carolina. MG is an employer of individuals and operates a restaurant doing business as **Miyabi**.

9.      FM is a North Carolina corporation maintaining offices and agents in the county of Cumberland, state of North Carolina. FM is an employer of individuals and operates a restaurant doing business as **Miyabi**.

10.     AM is a Georgia corporation maintaining offices and agents in the county of Richmond, state of Georgia. AM is an employer of individuals and operates a restaurant doing business as **Miyabi**.

11.     SM is a Georgia corporation maintaining offices and agents in the county of Chatham, state of Georgia. SM is an employer of individuals and operates a restaurant doing business as **Miyabi**.

12.     CJM is a South Carolina corporation maintaining offices and agents and otherwise doing business in various counties of the State of South Carolina, including Georgetown County and Charleston County, and also, in the states of Georgia and North Carolina. Its website reads that it currently has eight restaurants in the Southeast doing business as **Miyabi**. On information and belief, CJM exercises operational control over MMI; Kyoto; MG; FM; AM; and SM.

13.     Upon information and belief, Hirao is a citizen and resident of the County of Horry, State of South Carolina, and an owner and officer of CJM, and on information and belief, is an owner and/or officer of MMI; MG; FM; AM; and SM.

14.     Upon information and belief, Maeda is a citizen and resident of the County of Georgetown, State of South Carolina, and an owner and officer of CJM, and on information and

3

belief, is an owner and/or officer of MMI; MG; FM; AM; and SM.

15.     Upon information and belief, John Doe 1-10 are citizens and residents of the states of South Carolina, North Carolina, and Georgia, and each are either an owner or officer of one (1) of the following: MMI; MG; FM; AM; and SM.

16.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Crumbling's claims under the FLSA.

17.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the statutory law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

18.     Crumbling brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals who were employed by **Miyabi** at any time within the three (3) years prior to joining this lawsuit, who were nonexempt employees paid an hourly rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, and *either* received tips and **Miyabi** deducted some of those tips to place in the mandatory tip pool created by **Miyabi** ("Tip Pool"), or  received money from the Tip Pool.

19.     Crumbling also brings this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals employed by **Miyabi** in the state of South Carolina, at any time within the three (3) years prior to the commencement of this lawsuit, who received "wages" in the form either of tips or funds from the Tip Pool, and from which **Miyabi** deducted amounts from these wages without written or legal authorization.

20.     Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

a.     The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

b.     There are questions of law and/or fact common to the members of the proposed Plaintiff class;

c.     The claims of Crumbling are typical of the claims of the proposed Plaintiff class; and

d.     Crumbling will fairly and adequately protect the interests of the class.

21.     In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.     Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

23.     Based upon the above, jurisdiction and venue are proper in this court and division.

24.     The work and pay records, including the "tip-out" reports, of Crumbling and the members of the Plaintiff class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the

pendency of this action.

## FACTS

25.    Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 24 as if repeated here verbatim.

26.    Defendants own and operate **Miyabi** Restaurants in Murrells Inlet, South Carolina; Charleston, South Carolina; North Myrtle Beach, South Carolina; Columbia, South Carolina; Greenville, South Carolina; Fayetteville, North Carolina; Augusta, Georgia; and Savannah, Georgia.  All **Miyabi** Restaurants operate with the same mandatory Tip Pool that shares a portion of the tips with employees who did not customarily and regularly receive tips and the same deductions of wages without written authorization.

27.    Hirao exercises operational control over CJ; MMI; MG; FM; AM; and SM.  On information and belief, Hirao was involved in the decisions to set the wages and pay, including the rules and procedures of the Tip Pool, for Plaintiffs, or either he hired the individuals to whom he delegated this authority, therefore, Hirao is individually liable to Plaintiffs.

28.    Maeda exercises operational control over CJ; MMI; MG; FM; AM; and SM.  On information and belief, Maeda was involved in the decisions to set the wages and pay, including the rules and procedures of the Tip Pool, for Plaintiffs, or either he hired the individuals to whom he delegated this authority, therefore, Maeda is individually liable to Plaintiffs.

29.    Doe exercises operational control over CJ; MMI; MG; FM; AM; and SM.  On information and belief, Doe was involved in the decisions to set the wages and pay, including the rules and procedures of the Tip Pool, for Plaintiffs, or either he hired the individuals to whom he delegated this authority, therefore, Does is individually liable to Plaintiffs.

30.    Crumbling was employed as a server from 2010 until approximately April of

2014 at the restaurant in Murrells Inlet, South Carolina doing business as **Miyabi**.   On information and belief, her employer was either MMI or Kyoto.

31.     Defendants paid Plaintiffs an hourly wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).

32.     Defendants required Plaintiffs to remit, or share, from the tips they had received, a portion of the tips at the end of each shift into the Tip Pool.

33.     From the Tip Pool, Defendants paid, or shared, a portion of these tips with back-of-the-house employees who were not employees who customarily and regularly received tips.

34.     Crumbling questioned management of Defendants on the practices of whether the Tip Pool was legal, but Defendants continued in reckless disregard in violating the FLSA.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)**

35.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 34 as if repeated here verbatim.

36.     At all times pertinent to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

37.     At all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

38.     The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

39.     The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a

7

minimum wage of Seven and 25/100 dollars ($7.25) an hour.

40.    The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily and regularly receive tips.

41.    When the employer pools, or shares, these tips with employees, who are not employees who customarily and regularly receive tips, the tip pool is invalidated.

42.    When the tip pool is invalidated, the employer can no longer enjoy the benefits of the Tip Credit provision, 29 U.S.C. § 203(m).

43.    Defendants have violated the FLSA, 29 U.S.C. §§ 203(m), 206, in reckless disregard of the rights of Plaintiffs.

44.    As such, Plaintiffs seek to recover from Defendants the following damages:

   a.    actual damages;

   b.    liquidated damages of an equal amount; and

   c.    reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

45.    Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 44 as if repeated here verbatim.

46.    Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

47.    Without the benefit of the Tip Credit provision, Defendants failed to pay Plaintiffs and all other similarly situated employees the proper amount for all hours worked over forty (40)

hours in a workweek or overtime hours worked.

48.     Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the

rights of Plaintiffs.

49.     As such, Plaintiffs seeks to recover from Defendants the following damages:

     a.     actual damages;

     b.     liquidated damages of an equal amount; and

     c.     reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A THIRD CAUSE OF ACTION**
**Violation of South Carolina Payment of Wages Act**
**S.C. Code § 41-10-10, et. al.**
**(Unauthorized Deductions from Wages)**

50.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 49 as

if repeated here verbatim.

51.     Defendants are an "employer" as defined by the SCPWA.

52.     Defendants employed Plaintiffs and the members of the Plaintiff class within the

State of South Carolina.

53.     Money received by Plaintiffs directly as tips, or amounts received from the Tip

Pool, were "wages" as defined by SCPWA, § 41-10-10(2).

54.     Defendants illegally deducted amounts from the wages of Crumbling and the

members of the class without providing proper written notice as required by SCPWA § 41-10-

30(A).

55.     Defendants' illegal deductions from the wages of Plaintiffs were willful and were

made in bad faith.

56.     Pursuant to SC PWA § 41-10-80(C), Crumbling and the members of the Plaintiff

class are entitled to recover in this action an amount equal to three (3) times the full amount of

their wages that were illegally deducted, plus reasonable attorneys' fees and costs.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

a.     An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have yet "opted-in," under the FLSA;

b.     An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

c.     For Plaintiffs, under the first and second causes of actions:

i.    actual damages in an amount to be determined;

ii.   liquidated damages of an equal amount;

d.     An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

e.     Actual damages in the amount of wages due under SCPWA;

f.     Treble damages pursuant to SCPWA;

g.     Reasonable attorneys' fees and costs;

h.     Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

i.     Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.


**[SIGNATURE PAGE TO FOLLOW]**

Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEYS FOR KRISTA CRUMBLING,**
**on behalf of herself and**
**all others similarly situated**

CHARLESTON, SC

December 10, 2015