UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KRISTA CRUMBLING; WILLIAM STONE; CHRISTOPHER RICH; and ANTHONY GIRARD, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | C/A: 2:15-cv-04902-PMD |
| Plaintiff, | ) ) | |
| v. | ) ) | **SECOND AMENDED COMPLAINT** |
| **MIYABI** MURRELLS INLET, LLC; CHARLESTON MIYABI, INC.; COLUMBIA MIYABI, INC.; FANTASY FAR EAST, INC.; UNITED WILL KYOTO USA, INC.; MIYABI GREENVILLE, INC.; FAYETTEVILLE MIYABI, INC.; AUGUSTA MIYABI, INC.; SAVANNAH MIYABI, INC.; CAPITAL JAPAN, INC. d/b/a MIYABI; KOICHIRO HIRAO, individually; KOICHIRO MAEDA, individually; and JOHN DOE 1-10, individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs, Krista Crumbling ("Crumbling"); William Stone ("Stone"); Christopher Rich ("Rich"); and Anthony Girard ("Girard"), on behalf of themselves and all others similarly situated, (all jointly "Plaintiffs"), complaining of the acts of Defendants **Miyabi** Murrells Inlet, LLC ("MMI"); Charleston Miyabi, Inc. ("CM"); Columbia Miyabi, Inc. ("CoM"); Fantasy Far East, Inc. ("FFE"); United Will Kyoto USA, Inc. ("Kyoto"); Miyabi Greenville, Inc. ("MG"); Fayetteville Miyabi, Inc. ("FM"); Augusta Miyabi, Inc. ("AM"); Savannah Miyabi, Inc. ("SM"); Capital Japan, Inc. d/b/a Miyabi ("CJM"); Koichiro Hirao ("Hirao"), individually; Koichiro Maeda ("Maeda"), individually; and John Doe 1-10, individually ("Doe") (MMI; CM; CoM;

1

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

FFE; Kyoto; MG; FM; AM; SM; CJM; Hirao; Maeda; and Doe collectively "Defendants") allege as follows:

## NATURE OF CLAIM

1.      This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").  The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2.      This action is also brought individually and as a class action for unauthorized deductions from wages, and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA").  These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure *for individuals employed in South Carolina only.*

## PARTIES, JURISDICTION, VENUE, and FACTS

3.      Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4.      Crumbling is a citizen and resident of the State of South Carolina, County of Horry.

5.      Crumbling was employed at MMI, doing business as, **Miyabi** Japanese Steak & Sushi Bar, in the County of Georgetown, State of South Carolina.  A substantial part of the events giving rise to these claims occurred in Georgetown County.

6.      Stone is a citizen and resident of the State of South Carolina, County of Charleston.

7.      Stone was employed at CM, doing business as, **Miyabi** Japanese Steak & Sushi

2

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

Bar, in the County of Charleston, State of South Carolina. A substantial part of the events giving rise to these claims occurred in Charleston County.

8.     Rich is a citizen and resident of the State of South Carolina, County of Richland.

9.     Rich was employed at CoM, doing business as, **Miyabi** Japanese Steak & Sushi Bar, in the County of Richland, State of South Carolina. A substantial part of the events giving rise to these claims occurred in Richland County.

10.    Girard is a citizen and resident of the State of South Carolina, County of Horry.

11.    Girard was employed at FFE, doing business as, **Miyabi** Japanese Steak & Sushi Bar, in the County of Horry, State of South Carolina. A substantial part of the events giving rise to these claims occurred in Horry County.

12.    MMI is a South Carolina limited liability company maintaining offices and agents in the county of Georgetown, state of South Carolina. MMI is an employer of individuals and operates at least one (1) restaurant, and on information and belief several others, all doing business as **Miyabi** Japanese Steak & Sushi Bar. MMI, on occasions, has shared some of its employees with other Defendants operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar. MMI, in the operation of the restaurant, performs related activities to the activities of the other Defendants in their operation of **Miyabi** Japanese Steak & Sushi Bar. MMI performs these related activities with Defendants by the use, on information and belief, in sharing employees among various Defendants and by the common control of Defendant CJM. MMI has, on information and belief, in the operation of the restaurant, a common business purpose, with other Defendants, in that it pays a portion of its profits, or a management fee, to Defendant CJM.

13.    CM is a South Carolina corporation maintaining offices and agents in the county of Charleston, state of South Carolina. CM is an employer of individuals and operates at least

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

one (1) restaurant, and on information and belief several others, all doing business as **Miyabi**

Japanese Steak & Sushi Bar.  CM, on occasions, has shared some of its employees with other

Defendants operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar.  CM, in the operation

of the restaurant, performs related activities to the activities of the other Defendants in their

operation of **Miyabi** Japanese Steak & Sushi Bar.  CM performs these related activities with

Defendants by the use, on information and belief, in sharing employees among various

Defendants and by the common control of Defendant CJM.  CM has, on information and belief,

in the operation of the restaurant, a common business purpose, with other Defendants, in that it

pays a portion of its profits, or a management fee, to Defendant CJM.

14.     CoM is a South Carolina corporation maintaining offices and agents in the county

of Richland, state of South Carolina.  CoM is an employer of individuals and operates at least

one (1) restaurant, and on information and belief several others, all doing business as **Miyabi**

Japanese Steak & Sushi Bar.  CoM, on occasions, has shared some of its employees with other

Defendants operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar.  CoM, in the operation

of the restaurant, performs related activities to the activities of the other Defendants in their

operation of **Miyabi** Japanese Steak & Sushi Bar.  CoM performs these related activities with

Defendants by the use, on information and belief, in sharing employees among various

Defendants and by the common control of Defendant CJM.  CoM has, on information and belief,

in the operation of the restaurant, a common business purpose, with other Defendants, in that it

pays a portion of its profits, or a management fee, to Defendant CJM.

15.     FFE is a South Carolina corporation maintaining offices and agents in the county

of Horry, state of South Carolina.  FFE is an employer of individuals and operates at least one (1)

restaurant, and on information and belief several others, all doing business as **Miyabi** Japanese

4

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

Steak & Sushi Bar.  FFE, on occasions, has shared some of its employees with other Defendants operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar.  FFE, in the operation of the restaurant, performs related activities to the activities of the other Defendants in their operation of **Miyabi** Japanese Steak & Sushi Bar.  FFE performs these related activities with Defendants by the use, on information and belief, in sharing employees among various Defendants and by the common control of Defendant CJM.  FFE has, on information and belief, in the operation of the restaurant, a common business purpose, with other Defendants, in that it pays a portion of its profits, or a management fee, to Defendant CJM.

16.    Kyoto is a South Carolina corporation maintaining offices and agents in the county of Georgetown, state of South Carolina.  Kyoto is an employer of individuals and operates at least one (1) restaurant, and on information and belief several others, all doing business as **Miyabi** Japanese Steak & Sushi Bar.  Kyoto, on occasions, has shared some of its employees with other Defendants operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar. Kyoto, in the operation of the restaurant, performs related activities to the activities of the other Defendants in their operation of **Miyabi** Japanese Steak & Sushi Bar.  Kyoto performs these related activities with Defendants by the use, on information and belief, in sharing employees among various Defendants and by the common control of Defendant CJM.  Kyoto has, on information and belief, in the operation of the restaurant, a common business purpose, with other Defendants, in that it pays a portion of its profits, or a management fee, to Defendant CJM.

17.    MG is a South Carolina corporation maintaining offices and agents in the county of Greenville, state of South Carolina.  MG is an employer of individuals and operates at least one (1) restaurant, and on information and belief several others, all doing business as **Miyabi** Japanese Steak & Sushi Bar.  MG, on occasions, has shared some of its employees with other

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

Defendants operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar. MG, in the operation of the restaurant, performs related activities to the activities of the other Defendants in their operation of **Miyabi** Japanese Steak & Sushi Bar. MG performs these related activities with Defendants by the use, on information and belief, in sharing employees among various Defendants and by the common control of Defendant CJM. MG has, on information and belief, in the operation of the restaurant, a common business purpose, with other Defendants, in that it pays a portion of its profits, or a management fee, to Defendant CJM.

18.    FM is a North Carolina corporation maintaining offices and agents in the county of Cumberland, state of North Carolina. FM is an employer of individuals and operates at least one (1) restaurant, and on information and belief several others, all doing business as **Miyabi** Japanese Steak & Sushi Bar. FM, on occasions, has shared some of its employees with other Defendants operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar. FM, in the operation of the restaurant, performs related activities to the activities of the other Defendants in their operation of **Miyabi** Japanese Steak & Sushi Bar. FM performs these related activities with Defendants by the use, on information and belief, in sharing employees among various Defendants and by the common control of Defendant CJM. FM has, on information and belief, in the operation of the restaurant, a common business purpose, with other Defendants, in that it pays a portion of its profits, or a management fee, to Defendant CJM.

19.    AM is a Georgia corporation maintaining offices and agents in the county of Richmond, state of Georgia. AM is an employer of individuals and operates at least one (1) restaurant, and on information and belief several others, all doing business as **Miyabi** Japanese Steak & Sushi Bar. AM, on occasions, has shared some of its employees with other Defendants operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar. AM, in the operation of the

6

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

restaurant, performs related activities to the activities of the other Defendants in their operation

of **Miyabi** Japanese Steak & Sushi Bar. AM performs these related activities with Defendants

by the use, on information and belief, in sharing employees among various Defendants and by

the common control of Defendant CJM. AM has, on information and belief, in the operation of

the restaurant, a common business purpose, with other Defendants, in that it pays a portion of its

profits, or a management fee, to Defendant CJM.

20.    SM is a Georgia corporation maintaining offices and agents in the county of

Chatham, state of Georgia. SM is an employer of individuals and operates at least one (1)

restaurant, and on information and belief several others, all doing business as **Miyabi** Japanese

Steak & Sushi Bar. SM, on occasions, has shared some of its employees with other Defendants

operating a restaurant as **Miyabi** Japanese Steak & Sushi Bar. SM, in the operation of the

restaurant, performs related activities to the activities of the other Defendants in their operation

of **Miyabi** Japanese Steak & Sushi Bar. SM performs these related activities with Defendants by

the use, on information and belief, in sharing employees among various Defendants and by the

common control of Defendant CJM. SM has, on information and belief, in the operation of the

restaurant, a common business purpose, with other Defendants, in that it pays a portion of its

profits, or a management fee, to Defendant CJM.

21.    CJM is a South Carolina corporation maintaining offices and agents and

otherwise doing business in various counties of the State of South Carolina, including

Georgetown County and Charleston County, and also, in the states of Georgia and North

Carolina. CJM's website currently reads, "We currently have eight **Miyabi** Steak and Seafood

restaurants in the Southeast. Please see the contact information for each location below." The

website then lists the following locations: Murrells Inlet; Charleston, Columbia; Myrtle Beach;

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

and Greenville (all in SC); Fayetteville (NC); and Augusta; Savannah (all in GA), all eight of which correspond to the locations of the eight corresponding Defendants. In pictures on CJM's website, it shows a sign reading, "**Miyabi** Japanese Steak & Sushi Bar." On information and belief, CJM acts either directly or indirectly in the interests of an employer for Plaintiffs. CJM performs related activities with Defendants MMI; CM; CoM; FFE; Kyoto; MG; FM; AM; and SM. CJM exercises common control over these Defendants, and the related activities with these Defendants are part of a unified operation in operating the eight restaurants known as **Miyabi**. CJM and Defendants MMI; CM; CoM; FFE; Kyoto; MG; FM; AM; and SM engage in these related activities for a common business purpose.

22.    Upon information and belief, Hirao is a citizen and resident of the County of Horry, State of South Carolina, and an owner and officer of CJM, and on information and belief, is an owner and/or officer of MMI; CM; CoM; FFE; Kyoto; MG; FM; AM; and SM. He exercises operational control over Miyabi; he has the authority to hire, fire, and discipline employees of Miyabi; he has the authority to set the direct, or hourly, wages for Plaintiffs; he has the authority to set the rules of the tip pool used by Miyabi; therefore, he is individually liable to Plaintiffs.

23.    Upon information and belief, Maeda is a citizen and resident of the County of Georgetown, State of South Carolina, and an owner and officer of CJM, and on information and belief, is an owner and/or officer of MMI; CM; CoM; FFE; Kyoto; MG; FM; AM; and SM. He exercises operational control over Miyabi; he has the authority to hire, fire, and discipline employees of Miyabi; he has the authority to set the direct, or hourly, wages for Plaintiffs; he has the authority to set the rules of the tip pool used by Miyabi; therefore, he is individually liable to Plaintiffs.

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

24.     Upon information and belief, John Doe 1-10 are citizens and residents of the states of South Carolina, North Carolina, or Georgia, and each are either an owner or officer of one (1) of the following: MMI; CM; CoM; FFE; Kyoto; MG; FM; AM; SM; and CJM.  Doe exercises operational control over Miyabi; Doe has the authority to hire, fire, and discipline employees of Miyabi; Doe has the authority to set the direct, or hourly, wages for Plaintiffs; Doe has the authority to set the rules of the tip pool used by Miyabi; therefore, Doe is individually liable to Plaintiffs.

25.     Defendants, on information and belief, perform related activities with and among the other Defendants in operating the eight restaurants as **Miyabi** Japanese Steak & Sushi Bar. These activities, through the use of common control of Defendants CJM, Hirao, Madea, and Doe are part of a unified operation in operating the eight restaurants as **Miyabi** Japanese Steak & Sushi Bar.  All Defendants engage in these activities for the common business purpose of operating the eight restaurants as **Miyabi** Japanese Steak & Sushi Bar.

26.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

27.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the statutory law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.  These claims are limited to Plaintiffs employed in the state of South Carolina.

28.     Crumbling, Stone, Rich, and Girard bring this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals, who were employees at any one of the **Miyabi** Japanese Steak & Sushi Bar within the three (3) years prior to joining

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

this lawsuit, and were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, and **Miyabi** deducted a portion of those tips to place in the mandatory tip pool created by **Miyabi** ("Tip Pool").

29.     Crumbling, Stone, Rich, and Girard also bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals, who were employees at any one of the **Miyabi** Japanese Steak & Sushi Bar, located in South Carolina, within the three (3) years prior to the filing of this lawsuit, and were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, and **Miyabi** deducted a portion of those tips to place in the Tip Pool.  **Miyabi** deducted amounts from these wages without written or legal authorization.

30.     Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

        a.      The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

        b.      There are questions of law and/or fact common to the members of the proposed Plaintiff class;

        c.      The claims of Plaintiffs are typical of the claims of the proposed Plaintiff class; and

        d.      Plaintiffs will fairly and adequately protect the interests of the class.

31.     In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

adjudication of the controversy.

32.     Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

33.     Based upon the above, jurisdiction and venue are proper in this court and division.

34.     The work and pay records, including the "tip-out" reports, of Plaintiffs are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.  Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

35.     Defendants, individually or collectively, own and operate eight restaurants throughout the Southeast.  These eight restaurants are located in Murrells Inlet, South Carolina; Charleston, South Carolina; Columbia, South Carolina; Myrtle Beach, South Carolina; Greenville, South Carolina; Fayetteville, North Carolina; Augusta, Georgia; and Savannah, Georgia.  These eight restaurants each operate as **Miyabi** Japanese Steak & Sushi Bar ("**Miyabi**").  Each **Miyabi** restaurant operates with the same mandatory Tip Pool that requires their servers to share a portion of their tips with employees who did not customarily and regularly receive tips.  Each **Miyabi** restaurant operates with the same mandatory policy, for the Plaintiffs employed in South Carolina, to deduct wages, in the form of tips, without written authorization or authorization under law.

36.     Crumbling was employed as a server from 2010 until approximately April of

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

2014 at the **Miyabi** restaurant in Murrells Inlet, South Carolina.  On information and belief, her employer was either MMI or Kyoto, along with Defendants CJM, Hirao, Maeda, and Doe.  These Defendants paid Crumbling a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).  These Defendants required Crumbling to remit, or share, from the tips she had received, a portion of the tips at the end of each shift into the mandatory Tip Pool.  From the Tip Pool, these Defendants paid, or shared, a portion of these tips with back-of-the-house employees who were not employees who customarily and regularly received tips.  Crumbling questioned management of these Defendants on the practices of whether the Tip Pool was legal, but these Defendants continued in reckless disregard in violating the FLSA.

37.     Stone was employed as a server from 2013 until Spring of 2015 at the **Miyabi** restaurant in Charleston, South Carolina.  On information and belief, his employer was CM, along with Defendants CJM, Hirao, Maeda, and Doe.  These Defendants paid Stone a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).  These Defendants required Stone to remit, or share, from the tips she had received, a portion of the tips at the end of each shift into the mandatory Tip Pool.  From the Tip Pool, these Defendants paid, or shared, a portion of these tips with back-of-the-house employees who were not employees who customarily and regularly received tips.  Stone questioned management of these Defendants on the practices of whether the Tip Pool was legal, but these Defendants continued in reckless disregard in violating the FLSA.

38.     Rich was employed as a server from 2012 until approximately August of 2015 at the **Miyabi** restaurant in Columbia, South Carolina.  On information and belief, his employer was CoM, along with Defendants CJM, Hirao, Maeda, and Doe.  These Defendants paid Rich a

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m). These Defendants required Rich to remit, or share, from the tips she had received, a portion of the tips at the end of each shift into the mandatory Tip Pool. From the Tip Pool, these Defendants paid, or shared, a portion of these tips with back-of-the-house employees who were not employees who customarily and regularly received tips. Rich questioned management of these Defendants on the practices of whether the Tip Pool was legal, but these Defendants continued in reckless disregard in violating the FLSA.

39.    Girard was employed as a server from 2012 until approximately August of 2014 at the **Miyabi** restaurant in Myrtle Beach, South Carolina. On information and belief, her employer was FFE, along with Defendants CJM, Hirao, Maeda, and Doe. These Defendants paid Girard a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m). These Defendants required Girard to remit, or share, from the tips she had received, a portion of the tips at the end of each shift into the mandatory Tip Pool. From the Tip Pool, these Defendants paid, or shared, a portion of these tips with back-of-the-house employees who were not employees who customarily and regularly received tips. Girard questioned management of these Defendants on the practices of whether the Tip Pool was legal, but these Defendants continued in reckless disregard in violating the FLSA.

40.    On information and belief, other Plaintiffs were employed as servers during the three years prior to the filing of this lawsuit at the **Miyabi** restaurants located in Greenville, Fayetteville, Augusta, and Savannah. On information and belief, their employers were either MG, MF, MA, or MA, along with Defendants CJM, Hirao, Maeda, and Doe. These Defendants paid Plaintiffs a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

Credit" under the FLSA, 29 U.S.C. § 203(m).  These Defendants required Plaintiffs to remit, or

share, from the tips they had received, a portion of the tips at the end of each shift into the

mandatory Tip Pool.  From the Tip Pool, these Defendants paid, or shared, a portion of these tips

with back-of-the-house employees who were not employees who customarily and regularly

received tips.  On information and belief, various Plaintiffs questioned management of these

Defendants on the practices of whether the Tip Pool was legal, but these Defendants continued in

reckless disregard in violating the FLSA.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)**

41.     Plaintiffs reallege each and every allegation contained in the above paragraphs as if

repeated here verbatim.

42.     At all times pertinent to this Complaint, Defendants engaged in interstate commerce

or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

43.     At all times relevant to this Complaint, Defendants' annual gross volume of sales

made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00).

Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the

FLSA.

44.     The business of Defendants was and is an enterprise engaged in commerce as

defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

45.     The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a

minimum wage of Seven and 25/100 dollars ($7.25) an hour.

46.     The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped

employees, on the condition that any pooling, or sharing, of tips is shared only with other

employees who customarily and regularly receive tips.

47.    When the employer pools, or shares, these tips with employees, who are not

employees who customarily and regularly receive tips, the tip pool is invalidated.

48.    When the tip pool is invalidated, the employer can no longer enjoy the benefits of

the Tip Credit provision, 29 U.S.C. § 203(m).

49.    Defendants have violated the FLSA, 29 U.S.C. §§ 203(m), 206, in reckless

disregard of the rights of Plaintiffs.

50.    As such, Plaintiffs seek to recover from Defendants the following damages:

    a.    actual damages;

    b.    liquidated damages of an equal amount; and

    c.    reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

51.    Plaintiffs reallege each and every allegation contained in the above paragraphs as if

repeated here verbatim.

52.    Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a

nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

53.    Without the benefit of the Tip Credit provision, Defendants failed to pay Plaintiffs

and all other similarly situated employees the proper amount for all hours worked over forty (40)

hours in a workweek or overtime hours worked.

15

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

54.     Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the

rights of Plaintiffs.

55.     As such, Plaintiffs seeks to recover from Defendants the following damages:

     a.     actual damages;

     b.     liquidated damages of an equal amount; and

     c.     reasonable attorneys' fees and the costs and disbursements of this action.

### FOR A THIRD CAUSE OF ACTION
**Violation of South Carolina Payment of Wages Act**
**S.C. Code § 41-10-10, et. al.**
**Defendants MMI; CM; CoM; FFE; Kyoto; MG; CJM; Hirao; Maeda; and Doe ONLY**
**(Unauthorized Deductions from Wages)**

56.     Plaintiffs reallege each and every allegation contained in the above paragraphs as if

repeated here verbatim.

57.     Defendants MMI; CM; CoM; FFE; Kyoto; MG; CJM; Hirao; Maeda; and Doe are

an "employer" as defined by the SCPWA.

58.     Defendants MMI; CM; CoM; FFE; Kyoto; MG; CJM; Hirao; Maeda; and Doe

employed Plaintiffs and various members of the Plaintiff class within the State of South Carolina

("South Carolina Class").

59.     Money received by Plaintiffs directly as tips, or amounts received from the Tip

Pool, were "wages" as defined by SCPWA, § 41-10-10(2).

60.     Defendants MMI; CM; CoM; FFE; Kyoto; MG; CJM; Hirao; Maeda; and Doe

illegally deducted amounts from the wages of the South Carolina Class without providing proper

written notice as required by SCPWA § 41-10-30(A).

61.     Defendants MMI; CM; CoM; FFE; Kyoto; MG; CJM; Hirao; Maeda; and Doe

illegal deductions from the wages of Plaintiffs were willful and were made in bad faith.

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD

62.     Pursuant to SCPWA § 41-10-80(C), Crumbling and the members of the Plaintiff
class are entitled to recover in this action an amount equal to three (3) times the full amount of
their wages that were illegally deducted, plus reasonable attorneys' fees and costs.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs
respectfully request that the Court enter judgment for the following relief:

a.     An order authorizing the sending of appropriate notice to current and
former employees of Defendants who are putative members of the collective action, but
have not yet "opted-in," under the FLSA;

b.     An order prohibiting Defendants from violating the FLSA, particularly the
Tip Credit, in the future;

c.     For Plaintiffs, under the first and second causes of actions:

i.   actual damages in an amount to be determined;

ii.  liquidated damages of an equal amount; and

iii. reasonable attorneys' fees and costs;

d.     An order certifying a class action under Rule 23 of the Federal Rules of
Civil Procedure, for the South Carolina Class, to remedy the class-wide violations of the
South Carolina Payment of Wages Act against those named Defendants;

e.     Actual damages in the amount of wages due under SCPWA;

f.     Treble damages pursuant to SCPWA;

g.     Reasonable attorneys' fees and costs;

h.     Injunctive relief ordering Defendants to amend their wage and hour
policies to comply with applicable federal and state laws; and

i.     Such further relief as the Court deems just and proper.

Second Amended Complaint
C/A No. 2:15-cv-04902-PMD


Plaintiffs request a trial by jury.


_____
Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEYS FOR KRISTA CRUMBLING;
WILLIAM STONE; CHRISTOPHER RICH;
and ANTHONY GIRARD, on behalf of
themselves and all others similarly situated**


CHARLESTON, SC

March 8, 2016

18